IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAURICE BURTWELL,     *

   Petitioner,     *

   v.     * Civil Action No. GLR-16-2973

WARDEN RICHARD MILLER, *et al.*,     *

   Respondents.     *

******

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitoner Maurice Burtwell's habeas corpus petition under 28 U.S.C. § 2254. The Petition is ripe for disposition and no hearing is necessary. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; Local Rule 105.6 (D. Md. 2016). For the reasons outlined below, the petition will be denied and dismissed with prejudice.

### I.     BACKGROUND

On August 27, 2002, Burtwell pled guilty to second-degree murder and use of a handgun in the commission of a felony in the Circuit Court for Baltimore City, Maryland. (ECF No. 5-1, at 5). The Circuit Court sentenced him to a total term of incarceration of 35 years. Id. He did not seek leave to appeal. As such, his judgment became final for direct appeal purposes on September 26, 2002. See Md. Code Ann., Cts. & Jud. Proc. § 12-302(e)(2) (review of judgment following a guilty plea "shall be sought by application for leave to appeal"); Md. Rule 8-204 (application for leave to appeal shall be "filed within 30 days after entry of the judgment or order from which the appeal is sought.")

1

Burtwell sought to withdraw his guilty plea on April 20, 2003. (ECF No. 5-1). The motion was denied on May 29, 2003. (Id.). On October 17, 2003, Burtwell submitted a collateral attack on his conviction by filing a petition for post conviction relief. (Id.). The Petition was denied on January 6, 2005. (Id. at 6). The Court of Special Appeals of Maryland denied Burtwell's application for leave to appeal the denial of post-conviction relief on August 10, 2005, with the court's mandate issuing on September 13, 2005. (ECF No. 5-2).

Burtwell's motion to reopen post-conviction proceedings filed on February 25, 2015, was denied on March 10, 2015. (ECF No. 5-1 at 7–8; ECF No. 5-3). The Court of Special Appeals denied Burtwell's application for leave to appeal the denial on September 17, 2015. (ECF No. 5-1 at 8; ECF No. 5-3). The court's mandate issued on October 19, 2015. Id. On August 8, 2016, Burtwell filed the instant 28 U.S.C. § 2254 habeas corpus petition attacking his 2002 convictions for second-degree murder and use of a handgun in the commission of a felony entered in the Circuit Court for Baltimore City.[1] (ECF No. 1). Respondents filed an Answer which solely addresses the timeliness of the petition. (ECF No. 5). Burtwell filed a Reply. (ECF No. 7).

## II.   DISCUSSION

Title 28 U.S.C. § 2244(d)[2] provides a one-year statute of limitations in non-capital cases

---

[1] The petition, received on August 25, 2016, is dated August 8, 2016, and is deemed filed on that date. The "mail box rule" applies to prisoner § 2254 motions. Houston v. Lack, 487 U.S. 266 (1988). An inmate's petition is timely if deposited in the prison's internal mailing system on or before the last day for filing. Rule 3(d) Rules Governing Section 2254 Proceedings.

[2] This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A)   the date on which the judgment became final by the

2

for those convicted in a state case. This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. See 28 U.S.C. § 2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000); Gray v. Waters, 26 F. Supp. 771, 771–72 (D.Md. 1998).

The statute of limitations began to run in Burtwell's case on September 25, 2002, when the time for filing an application for leave to appeal concluded. Burtwell had no properly filed collateral proceedings pending until April 20, 2003, (207 days) when he moved to withdraw his guilty plea. That motion was denied on May 29, 2003, and the limitations period resumed. Burtwell initiated state post-conviction proceedings 141 days later, on October 21, 2003. Those proceedings concluded on September 13, 2005, and Burtwell waited nearly nine years before moving to reopen the post-conviction proceedings. During that nine-year period no proceedings were pending which would serve to toll the limitations period. The application for leave to appeal the denial of his motion to reopen post-conviction proceedings was denied on October 18,

---

conclusion of direct review or the expiration of the time for seeking such review;
(B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

2015. Burtwell waited an additional nine months before filing this case. In short, the statute of limitations for his federal habeas petition expired before Burtwell moved to reopen his state post-conviction proceedings and the instant petition is time barred under 28 U.S.C.§ 2244(d).

In his Reply to the Response, Burtwell maintains that the Petition is timely because when he filed his motion to withdraw the guilty plea on May 29, 2003, his one year limitations period to file the instant case was "reinitiated." (ECF No. 7 at 2). Burtwell misstates the law. Properly filed post-conviction proceedings do not serve to restart the limitations period; rather, they serve to pause the running of the limitations clock. As discussed above, even tolling the limitations period for each of Burtwell's properly filed post-conviction proceedings, the instant case is time barred.

Burtwell also indicates that after his application for leave to appeal the denial of his motion to reopen post-conviction proceedings was denied, he filed a Petition for Writ of Certiorari in the Court of Appeals. Id. He indicates that a "mix-up" occurred in filing the certiorari petition which resulted in a copy being sent to the Attorney General who took no action for over ninety days, and that the Maryland Court of Appeals did not receive the petition. Id. at 2–3. This "mix-up" does not, however, render the instant Petition timely because it does not explain the nine years which elapsed between the conclusion of Burtwell's initial post-conviction proceedings and his moving to reopen same. During that nine year period, no proceedings were pending which would toll the federal habeas statute of limitations. As such, his federal statute of limitations expired long before he began his efforts to reopen his state post-conviction proceedings.

To the extent Burtwell argues his Petition is timely under 28 U.S.C. §2244(c) because of the Maryland Court of Appeals' holding in State v. Daughtry, 18 A.3d 60 (Md. 2011) (holding a

4

plea colloquy is deficient where the record reflects nothing more than defendant is represented by counsel and defendant generically discussed the plea with his attorney), he is mistaken. Section 2244(c) provides that the statute of limitations for filing a federal habeas petition runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  Daughtry is neither a Supreme Court case, nor a case establishing a new rule or principle of law.  The Supreme Court stated in Teague v. Lane, 489 U.S. 288 (1989), that a "new rule" is one that "breaks new ground or imposes a new obligation on the States or the Federal Government."  Id. at 301.  In other words, "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final."  Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 1264 (2016) (quoting Teague, 489 U.S. at 301) (alteration omitted and emphasis added).  Daughtry is a state case that merely refined the contours of what constitutes a knowing and voluntarily plea; it did not announce a new right recognized by the Supreme Court.  It cannot serve as the starting point for Burtwell's statute of limitations.[3]

In Holland v. Florida, 560 U.S. 631 (2010), the Supreme Court concluded that equitable tolling applies to the AEDPA's statute of limitations.  Id. at 633.  The Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing.  Id. at 649.  The question of whether equitable tolling applies hinges on the facts and circumstances of each

---

[3] What is more, even if Daughtry could reset the one year statute of limitations, the case was decided on April 25, 2011 and Petitioner did not move to reopen his post-conviction proceedings until February 25, 2015.

5

particular case.  See Harris v. Hutchinson, 209 F.3d 325, 329–30 (4th Cir. 2000).[4]

Burtwell contends that he has diligently pursued his Daughtry claim.  He offers, however, no explanation for the nearly four year delay in bringing the claim after Daughtry was decided.  Similarly, Burtwell baldly maintains that he has been plagued by unspecified ineffective assistance of counsel throughout his appellate and post-conviction process.  Burtwell offers nothing supporting this allegation, other than alleging that appellate counsel failed to properly put forth his claim that his guilty plea was not knowingly and voluntarily entered.  (ECF No. 7, at 4).

Burtwell has stated insufficient grounds to equitably toll the limitations period.  Attorney error is not an "extraordinary circumstance."  See Taliani v. Chrans, 189 F. 3d 597, 598 (7th Cir. 1999) (lawyer's miscalculation of limitations period is not a basis for equitable tolling); Sandvik v. United States, 177 F. 3d 1269, 1272 (11th Cir. 1999) (lawyer's decision to mail petition by ordinary mail instead of expedited delivery not basis for equitable tolling).  "[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding."  Harris, 209 F. 3d at 331.

A litigant's pro se status and any attendant lack of knowledge of the law, moreover, is not the type of extraordinary circumstance that would justify equitable tolling.  See Rouse v. Lee, 339 F.3d 238, 248-249 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable

---

[4] See also Lusk v. Ballard, No. 2:10cv5, 2010 WL 3061482 (N.D.W.Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after Holland.)

6

tolling); see also, e.g., Barrow v. New Orleans S.S. Ass'n, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation). The Court concludes that Burtwell is not entitled to equitable tolling. Accordingly, the Court will dismiss the Petition as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In Slack v. McDaniel, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Burtwell does not satisfy this standard, and the Court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

### III.   CONCLUSION

For the foregoing reasons, Burtwell's habeas corpus Petition under 28 U.S.C. § 2254 (ECF No. 1) is DENIED. A separate order follows.

Entered this 17th day of July, 2017.

                                                        /s/
                                      George L. Russell, III
                                      United States District Judge